UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN TURNER, SR., as Administrator of the ESTATE of MELVIN TURNER, JR., Deceased, | ) ) ) | |
| Plaintiff, | ) | Case No. 25 C 2186 |
| v. | ) ) | Judge Sara L. Ellis |
| Cook County Sheriff THOMAS DART, Individually and in his Official Capacity, et al., | ) ) ) | Magistrate Judge (unassigned) |
| Defendants. | ) ) | |

## JOINT INITIAL STATUS REPORT

The parties have conferred and jointly submit the following status report.

I.    **Nature of the Case**

A.    **Attorneys of Record**

**Attorneys for Plaintiff,** Melvin Turner, Sr.*,* as Administrator of the Estate of Melvin Turner, Jr., Deceased:

**Irene K. Dymkar**, Lead Attorney
53 West Jackson Blvd., Suite 733
Chicago, IL 60604-3462
(312) 345-0123
irene.dymkar@dymkarlaw.com

**James L. Bowers**
631 North Central Avenue
Chicago, IL 60644
(312) 343-6326
james.bowers3@comcast.net

**Attorney for certain Sheriff Defendants**, that is, Cook County Sheriff Thomas Dart, Ismael Lebron, Deon A. McKenzie, II, Brendan S. Norise, Ronald Clemons, Martha Yoksoulian, Shaunique Burton, Correctional Sgt. E. Duran, Residential Treatment Unit Security Officer Villarreal (misspelled as "Villareal" in Plaintiff's Complaint), Correctional Officer Knight, William J. Shepski-Linsted, Christopher Surane, Correctional Sgt. Haddad, Correctional FTO Jones, Correctional FTO Mendoza, Correctional Officer Nungary, Cody J. Christensen, and David C. Kehoe:

**Elizabeth Francine Brogan**, Lead Attorney
Cook County State's Attorney's Office
Civil Actions Bureau - Complex Litigation Section
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-6638
elizabeth.brogan@cookcountysao.org

Due to recently unforeseen circumstances, ASA Brogan expects to file a motion to withdraw as attorney for Officer Surane. Outside counsel is expected to be appointed shortly, and will likely seek additional time to respond on Officer Surane's behalf.

**Attorneys for Sheriff Defendant** Mark A. Wolfe**:**

| | |
|---|---|
| **Monica Burkoth**, Lead Attorney | **Adnan Shafi** |
| Johnson & Bell, Ltd. | Johnson & Bell, Ltd. |
| 33 W. Monroe St., Suite 2700 | 33 W Monroe St., Suite 2700 |
| Chicago, IL 60603 | Chicago, IL 60603 |
| (312) 984-3421 | (312)-984-0230 |
| BurkothM@jbltd.com | shafia@jbltd.com |

**Attorney for Cook County/Cermak Defendants,** that is, Cook County, Illinois, Cermak Medical Director, Priscilla Ware, Lena Colon, Alexandria Coutrakon, Salvatore Martinez, Estrella Clifford, George A. Ambrose, Eva Coleman, David U. Ramos, Alondra Luevanos, Glen D. Trammell, Chinwe Unachukwu, Nia Scott, Derrick Dunmore, Carlos Quezada-Gomez, Tanwa Dawodu, Fayez Mekhael Nagib Mekhael**,** Kimberly L. Myers, Kingson U. Olikagu, Nurse Avila, Nurse Hester, Terry L. Nil, Paramedic McClellan, Susan Barajas, and Nurse Manager Villarreal:

| | |
|---|---|
| **Briana Leatherberry,** Lead Attorney | **Oliver Kassenbrock** |
| Cook County State's Attorney's Office | Cook County State's Attorney's Office |
| 50 W. Washington St, Suite 2760 | 50 W. Washington St, Suite 2760 |
| Chicago, IL 60602 | Chicago, IL 60602 |
| (312) 603-8709 | (312) 603-1426 |
| briana.leatherberry@cookcountysao.org | oliver.kassenbrock@cookcountysao.org |

**Attorneys for Jackson Park Hospital Defendants**, that is, Jackson Park Hospital Foundation, Great Lakes Emergency Physicians Medical Group, SC, and Dr. Joe Donald Eggebeen:

**Shannon E. Holbrook**, Lead Attorney
Cray Huber Horstman Heil & VanAusdal, LLC
303 W. Madison Street, Suite 2200
Chicago, IL 60606
(312) 332-8450
seh@crayhuber.com

**B.      Nature of Claims**

This case is brought under 42 U.S.C. §1983. The complaint alleges violations of Melvin Turner, Jr.'s rights under the Fourteenth Amendment to the United States Constitution; the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12131; and the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. §1395dd. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claims of medical malpractice and indemnification.

The complaint alleges three sets of claims based on the lack of reasonable medical treatment and care 1) at the Cook County Jail where Melvin Turner, Jr. was incarcerated from February 12 – February 28, 2023, during which time the jail medical staff failed to administer standard of care Medications for Opioid Use Disorder (MOUD), and then recklessly released him into the community at a time when he was still suffering from serious opioid withdrawal symptoms. 2) at Jackson Park Hospital Emergency Room on March 2, 2023, where the medical staff failed to comport with the standard of care in treating Mr. Turner's known drug overdose, releasing him to the custody of Sheriff's deputies to be reincarcerated before all medically necessary tests had been completed, and 3) at Cook County Jail, from March 2, 2023, until his death in the early morning of March 3, 2023, due to the failure of the medical and correctional staff to effectively monitor, evaluate, intervene, and treat the effects of Mr. Turner's overdose.

There are no counterclaims or third-party claims.

**C.      Major Legal and Factual Issues**

1.  Whether the medical evaluation of Mr. Turner at the Cook County Jail from February 12 – February 28, 2023, was reasonable.

2.  Whether Mr. Turner should have been administered MOUD at the Cook County Jail.

3.  Whether it was reasonable for the medical staff to approve Mr. Turner's release from Cook County Jail to a halfway house on electronic monitoring, given his debilitated condition and his suffering and continued pleas for help.

4.  Whether it was medical malpractice for Jackson Park Hospital medical personnel not to admit Mr. Turner into the hospital for observation and to follow-up on a questionable EKG and perform additional tests such as an additional troponin test.

5.  Whether it was medical malpractice for personnel at Jackson Park Hospital not to admit Mr. Turner into the hospital and call for a cardiology evaluation based on Mr. Turner's complaints of chest pains before he was released to the custody of jail personnel.

6.  Whether it was medical malpractice for Jackson Park Hospital personnel not to provide the Sheriff's deputies with discharge instructions including Mr.

Turner's discharge diagnosis and the advisability of additional EKG's and blood tests.

7. Whether it was reasonable for the Sheriff's staff to place Mr. Turner in custody and forcibly remove him from Jackson Park Hospital for transport to the Cook County Jail prior to the completion of all tests to determine the cause of his complaints of chest pains.

8. Whether the medical staff at Cook County Jail failed to properly evaluate and treat Mr. Turner upon his return to the jail, in light of his overdose and withdrawal symptoms during his first stay at the jail and the overdose that resulted in his emergency visit to Jackson Park Hospital.

9. Whether the correctional staff properly monitored Mr. Turner in the Residential Treatment Unit and whether the correctional and medical staff used timely and reasonable means to revive him.

10. The extent and nature of the damages of Mr. Turner and his estate, including Mr. Turner's pain and suffering and the loss of his life at 35 years old.

### D.    Damages

Plaintiff seeks 1) general damages, including emotional distress and pain and suffering, lost work opportunities and wages, and loss of life; 2) special damages, and 3) exemplary and punitive damages, all in sums to be ascertained by a jury at a trial of this matter. Plaintiff also seeks costs and attorneys' fees.

## II.    Basis for Federal Jurisdiction

Federal question and supplemental jurisdiction is based upon 28 U.S.C. §§1331, 1343, and 1367.

## III.    Status of Service

All defendants have been served. Defendants Brenda Kerley and Medical Director of Cermak Health Services have been served, but have not yet filed an appearance or answer.

Counsel for Jackson Park Hospital is attempting to facilitate the appearance of counsel for Brenda Kerley. Counsel for the Cook County Defendants has communicated to Plaintiff's Counsel that Defendant Priscilla Ware, who is sued individually and in her official capacity, was the medical director during the relevant time. Once the dates of her employment are disclosed, a stipulation can be prepared.

## IV.    Consent to Proceed Before a Magistrate Judge.

Counsel has advised their clients that they may proceed before a Magistrate Judge if they unanimously consent. There is no assigned Magistrate Judge, so the parties cannot

determine the advisability of consenting. Defendants do not unanimously consent to proceeding before a Magistrate Judge at this time.

**V.      Pending Motions**

The Sheriff's defendants and the Cermak/County defendants will be filing a motion to dismiss the complaint. Defendants propose the following briefing schedule: May 28 and 29, 2025, for defendants to file motions; July 28, 2025, for plaintiff to file responses to the three sets of motions; and August 18, 2025 for defendants to file their replies.

**Court Note: If defendants intend to file a motion to dismiss, they must be prepared to discuss the basis of the motion at the Initial Status Hearing.**

**VI.     Case Plan**

Defendants would request that discovery is stayed pending ruling on the motions to dismiss. Plaintiff objects to the stay and proposes the following discovery schedule:

| Type of Discovery Needed | Deadline |
|---|---|
| Initial Rule 26(a)(1) Disclosures | July 14, 2025 |
| First Date to Issue Written Discovery Requests | August 14, 2025 |
| Completion of Fact Discovery | May 28, 2026 |
| Expert Discovery - Reports | July 13, 2026 |
| Expert Discovery – Rebuttal Reports | August 27, 2026 |
| Completion of Expert Discovery | October 14, 2026 |
| Dispositive Motions Due | November 30, 2026 |

A jury trial is requested. A jury trial is likely to last two weeks.

**VII.    Status of Settlement Discussions**

No settlement discussions have taken place. Plaintiff requests a settlement conference as early in the litigation as reasonably possible, because the accrual of attorneys' fees and costs may make settlement difficult later in the litigation.

Dated: May 21, 2025

**SIGNATURE PAGE**

Plaintiff's attorneys:

   /s/ *Irene K. Dymkar*

Irene K. Dymkar
Law Offices of Irene K. Dymkar
53 W. Jackson Blvd., Suite 562
Chicago, IL 60604-3420
(312) 345-0123


   /s/ *James L. Bowers*

James L. Bowers
631 N. Central Avenue
Chicago, IL 60644
(312) 343-6326

Defendants' attorneys:

   /s/ *Elizabeth F. Brogan*

Elizabeth Francine Brogan
Cook County State's Attorney's Office
Civil Actions Bureau - Complex Litigation
Section
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-6638


   /s/ *Monica Burkoth*

Monica Burkoth
Adnan Shafi
Johnson & Bell, Ltd.
33 W. Monroe St., Suite 2700
Chicago, IL 60603
(312) 984-3421


   /s/ *Briana Leatherberry*

Briana Leatherberry
Oliver Kasenbrock
Cook County State's Attorney's Office
50 W. Washington St, Suite 2760
Chicago, IL 60602
(312) 603-8709


   /s/ *Shannon E. Holbrook*

Shannon E. Holbrook
Cray Huber Horstman Heil & VanAusdal, LLC
303 W. Madison Street, Suite 2200
Chicago, IL 60606
(312) 332-8450